
RECEIVED
IN ALEXANDRIA, LA.
FEB 2 4 2014
TONY R. MOORE, CLERK
BY_____
        DEPUTY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

ALEXANDRIA DIVISION

| | |
|---|---|
| GERALD KEMPF | CIVIL ACTION NO. 11-1940 |
| VERSUS | JUDGE TRIMBLE |
| PATRICK RACHAL, STEPHEN RACHAL and 1991 RACHAL FAMILY TRUST | MAGISTRATE JUDGE KIRK |

## MEMORANDUM RULING

Oral arguments were heard on February 3, 2014 concerning plaintiff's recent "Motion for Preliminary Injunction"[1] and, during such proceeding, counsel for plaintiff expressed plaintiff's desire to withdraw his prior jury demand in this case and have the matter proceed as a bench trial. Defendants objected to the withdrawal of the jury demand and seek trial by jury of the allegations against them by plaintiff. For this reason, the court requested briefs from the parties regarding defendants' right to trial by jury in this case. The court noted, additionally, that plaintiff's motion cited minimal law or jurisprudence to which defendants might have responded in their opposition brief. Finding that plaintiff's presentation of law and jurisprudence at oral argument entitled defendants to a fair opportunity for response, the court ordered that defendants include any desired response in their forthcoming brief. All requested briefs have now been received and reviewed by the court and, thus, we find the issues ripe for decision.[2]

---

[1] R. 21, 23.
[2] Plaintiff's motion at R. 21; defendants' opposition at R. 24; plaintiff's reply at R. 31; defendants' sur-reply at R. 30.

I.  **Injunctive Relief**

Plaintiff's suit alleges that defendants Patrick and Stephen Rachal have taken excessive compensation in their capacities as Co-Trustees of the Rachal Family Trust and, additionally, have failed to act in the best interests of the trust to the detriment of plaintiff as a trust beneficiary. Plaintiff's motion seeks issuance of a preliminary injunction enjoining defendants from further depleting the corpus of the trust by paying attorney fees for the defense of this suit therefrom. Specifically, plaintiff alleges that defendants have paid a retainer in the amount of $10,000.00 to the law firm of Gold, Weems, Bruser, Sues & Rundell and that the payment of legal defense fees from the corpus of the trust is not permitted under the language of the trust instrument itself or under applicable California probate law.[3]

Fed. R. Civ. P. 65 provides that the court may, upon notice to the adverse party, issue a preliminary injunction, but must specify the reasons why it is issued, its terms and describe in reasonable detail the act or acts restrained or required.[4] In Anderson v. Jackson, the Fifth Circuit Court of Appeals reviewed the applicable standard for the "extraordinary and drastic remedy" of preliminary injunctive relief, citing four elements which must be demonstrated by the party applying for such relief: (1) a substantial likelihood of prevailing on the merits; (2) a substantial threat of irreparable injury to the movant if injunctive relief is denied; (3) a threatened injury to the movant outweighing any potential harm to the enjoined party which might result from the issuance of the injunction; and (4) an absence of resulting disservice to the public interest.[5]

The parties agree that there is no language within the Rachal Family Trust instrument authorizing or prohibiting the payment of the attorney fees now at issue, leaving the matter under the authority of the California Probate Code, which is designated applicable by the instrument.

---

[3] R. 21-2 at pp. 2-3.
[4] Fed. R. Civ. P. 65(a), (d).
[5] 556 F.3d 351, 360 (5th Cir. 2009) (internal citations omitted).

Having carefully reviewed the law and argument of the parties, the court finds that plaintiff fails to demonstrate the requisite substantial likelihood of prevailing on the merits in this matter. The court agrees with defendants that Kasperbauer v. Fairfield affirms that the California Probate Code permits the payment of attorney fees used for the defense of the administrator as such fees are incurred, even when the allegations against the administrator are those of fraud and breach of fiduciary duty.[6] We reject plaintiff's argument that the court-ordered accounting in Kasperbauer distinguishes that case from the present matter, as we find that allegations of breach of fiduciary duty under the relevant trust instruments underlie each case and also note that the case at bar also seeks an order directing an accounting.[7] The court finds it difficult to imagine a suit for breach of fiduciary duty, including claims of overcompensation, which did not incorporate a demand or create a need for an accounting, further bolstering our opinion that Kasperbauer should guide our consideration of this issue.[8] Finally, we note that plaintiff cites no authority to rebut the plain instruction of Kasperbauer that California Probate Code section 17211, authorizing the reimbursement of attorney fees from trust funds when the court finds that claims against the trustee were brought in bad faith, is not the final word on this issue, and further advising that, "the Probate Code is studded with provisions authorizing the trustee to hire and pay…attorneys to assist in trust administration."[9]

It is undisputed in this case that the law firm of Gold, Weems, Bruser, Sues & Rundell has been paid $10,000 which was originally advanced as a retainer. Counsel for defendants asserted at oral argument that he has done work in this case consuming and likely surpassing the $10,000 retainer. Plaintiff did not object to this argument and offered no argument to the

---

[6] 171 Cal.App.4th 227, 235 (2009).
[7] R. 1, 33.
[8] Kasperbauer, 171 Cal.App.4th at 235 citing Estate of Trynin, 49 Ca.3d 868 (1989) and Estate of Cassity, 106 Cal.App.3d 569, 574 (1980).
[9] Id. at 234-35.

3

contrary. Under these facts, we find that the advanced funds, though once constituting a retainer, have been "incurred" and are likely, therefore, permissible trust fund expenditures under applicable law. The court will require, however, that all future trust funds expended for the purpose of attorney fees be paid on invoice as fees already incurred, as we find no authority for the advancement of fees not yet earned.

## II. Right to Jury Trial

The second issue before this court for decision is the disagreement among the parties regarding the trial of this matter to a jury. As stated above, plaintiff, having once requested trial by jury in this case, expressed the desire to waive their prior jury demand at oral argument. Defendants objected vigorously, asserting the right to trial by jury.

The court has reviewed the briefs submitted by the parties on this issue and finds that defendants enjoy no Seventh Amendment right to jury trial in this case, as it is a matter at equity, rather than one at law.[10] Accordingly, the court will accept the waiver of jury demand by plaintiff over defendants' objection and this matter will be tried before the undersigned on the appointed date.

Alexandria, Louisiana
February 24, 2014

JAMES T. TRIMBLE, JR.
UNITED STATES DISTRICT JUDGE

---

[10] Dixon v. Northwestern National Bank of Minneapolis, 297 F.Supp. 485 (D.Minn. 1969) (citing Restatement of Trusts at § 197, which provides that "...questions of the administration of trusts have always been regarded of the kind which can adequately be dealt with in a suit in equity rather than in an action at law."); Local No. 92, Intern. Ass'n. of Bridge, Structural and Ornamental Iron Workers, AFL-CIO v. M.E. Norris, et al., 383 F.2d 735, 741-42 (5th Cir. 1967) (citing Restatement of Trusts at § 198 and finding that, even when an action against a trustee asserts claims for money damages, it is considered a suit in equity).